IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AVERY MIGUEL PERRY, SR.,** | : | **CIVIL ACTION** |
| *Plaintiff* | : | |
| | : | |
| v. | : | **NO. 22-CV-2208** |
| | : | |
| **JASON STACKHOUSE** | : | |
| *Defendant* | : | |

**M E M O R A N D U M**

NITZA I. QUIÑONES ALEJANDRO. J.                                                             JUNE 8, 2022

  Before the Court is a Complaint filed by Plaintiff Avery Miguel Perry, Sr., a self-represented litigant, against Jason Stackhouse. Perry seeks to proceed *in forma pauperis*. For the following reasons, Perry motion to proceed *in forma pauperis* is granted and his Complaint is dismissed, without prejudice, for lack of subject matter jurisdiction.

**I.     FACTUAL ALLEGATIONS**

  Perry brings claims against Stackhouse under state law pursuant to the Court's diversity jurisdiction. (Compl. at 2-3.)[1] Perry's claims are based on allegations that Stackhouse "deceived and defrauded" Perry's family into vacating the family home in King of Prussia. (*Id.* at 3.) Perry alleges that Stackhouse "was always the primary point of contact in regards to business relating to [the family] residence" and that Stackhouse failed to notify Perry and his sister that the home had been sold or provide them with any proceeds. (*Id.*) He alleges that he suffered damage to his legacy and reputation, embarrassment, depression, humiliation, mental suffering, emotional distress, and loss of enjoyment of life. (*Id.* at 4.) Perry seeks $160,000 in damages. (*Id.*)

---

[1]     The Court adopts the pagination supplied by the CM/ECF docketing system.

## II. STANDARD OF REVIEW

The Court grants Perry leave to proceed *in forma pauperis* because it appears that he does not have the ability to pre-pay the fees to commence this case. Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the court to screen the Complaint and dismiss it if it is frivolous, malicious, fails to state a claim for relief, or seeks damages from an immune defendant. Furthermore, the court must dismiss any claims over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Grp. Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence.").

## III. DISCUSSION

Perry's Complaint is best construed as raising state law claims against Stackhouse pursuant to the Court's diversity jurisdiction.[2] (*See* Compl. at 2.) District courts may exercise jurisdiction over cases raising claims exclusively under state law if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that,

---

[2] There is no indication that Perry intends to bring federal claims in this case and, even under a liberal construction of the Complaint, the Court cannot discern any legitimate basis for a federal claim here. *Beazer E., Inc. v. Mead Corp.*, 525 F.3d 255, 261-62 (3d Cir. 2008) (jurisdiction does not attach "where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous." (internal citations omitted)).

unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co.*, 800 F.3d at 104 (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011).

Here, Perry indicates that both he and Stackhouse are citizens of Pennsylvania. (Compl. at 3.) Because complete diversity is lacking in this case, there is no basis for the Court to exercise jurisdiction over Perry's claims. Accordingly, the Court will dismiss Perry's Complaint for lack of jurisdiction, without prejudice, to him refiling those claims in an appropriate state court if he chooses to do so.[3]

## IV. CONCLUSION

For the foregoing reasons, Perry motion to proceed *in forma pauperis* is granted, and his Complaint is dismissed, without prejudice, for lack of subject matter jurisdiction. The Court concludes that amendment in this Court would be futile because Perry cannot cure the defects in his claims. An Order follows, which dismisses this case.

*NITZA I. QUIÑONES ALEJANDRO. J.*

---

[3] The Court expresses no opinion on the merits of any such claims.